# Matter of Jeobany Alexander LOPEZ-DAVILA, Respondent

*Decided July 16, 2026*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1) The decision of a parent to leave his or her United States citizen child in the United States without parental care does not, on its own, create exceptional and extremely unusual hardship as required for cancellation of removal under section 240A(b)(1)(D) of the INA, 8 U.S.C. § 1229b(b)(1)(D). *Matter of Ige*, 20 I&N Dec. 880 (BIA 1994), followed.

(2) Parental care is not the only care sufficient for a qualifying relative child who is remaining in the United States.

FOR THE RESPONDENT: Cynthia Ceballos, Esquire, Metairie, Louisiana

FOR THE DEPARTMENT OF HOMELAND SECURITY: Samuel T. French, Assistant Chief Counsel

BEFORE: Board Panel: HUNSUCKER and GOODWIN, Appellate Immigration Judges; TERRIEN, Temporary Appellate Immigration Judge.

GOODWIN, Appellate Immigration Judge:

On October 10, 2025, the Immigration Judge granted the respondent's application for cancellation of removal for certain nonpermanent residents under section 240A(b)(1) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1229b(b)(1) (2024). The Department of Homeland Security ("DHS") has appealed from that decision, arguing that the respondent has not demonstrated that his qualifying relative child would suffer exceptional and extremely unusual hardship if he is removed. The respondent, a native and citizen of Guatemala, opposes the appeal. The appeal will be sustained, and the record will be remanded to the Immigration Court.

The respondent's qualifying relative for purposes of cancellation of removal is his 6-year-old United States citizen daughter. The child would remain in the United States if the respondent is removed. The respondent is the sole caregiver for his family. The respondent's partner, who is the child's mother, is not capable of caring for their daughter due to a stroke which led to severe physical and cognitive disabilities rendering her unable to care for herself or others. The respondent's partner has been diagnosed with suicidal ideation and experienced multiple hospitalizations, including, at the time of

the hearing, hospitalization in Mexico. The respondent's partner's adult daughter (the qualifying relative's half-sister) has been caring for the child since the respondent was detained during his removal proceedings. The half-sister testified that she is unable to care for the child long term and that, if the respondent were removed, the child would experience severe hardship and be at heightened risk of being placed into foster care. The record does not reflect that the child has any medical conditions or special educational needs.

The respondent bears the burden of proving he is statutorily eligible for cancellation of removal. INA § 240(c)(4)(A)(i), 8 U.S.C. § 1229a(c)(4)(A)(i) (2024); 8 C.F.R. § 1240.8(d) (2026). The respondent must show, among other things, that his removal would result in exceptional and extremely unusual hardship to a qualifying relative, namely a United States citizen or lawful permanent resident spouse, parent, or child. INA § 240A(b)(1)(D), 8 U.S.C. § 1229b(b)(1)(D). The exceptional and extremely unusual hardship standard for cancellation of removal requires an assessment of the cumulative hardship factors for the qualifying relative. *Matter of J-J-G-*, 27 I&N Dec. 808, 811 (BIA 2020). The hardship to a qualifying relative "must be 'substantially' beyond the ordinary hardship that would be expected when a close family member leaves this country." *Matter of Monreal*, 23 I&N Dec. 56, 62 (BIA 2001).

We review for clear error findings concerning what would occur to the respondent's qualifying relative if the respondent is removed. *Trejo v. Garland*, 3 F.4th 760, 772 (5th Cir. 2021) (explaining that the question of what would happen if a respondent were removed is a question of fact); *see also* 8 C.F.R. § 1003.1(d)(3)(i) (2026). We review de novo whether such facts rise to the level of exceptional and extremely unusual hardship. 8 C.F.R. § 1003.1(d)(3)(ii) (2026).

The Immigration Judge found that the respondent's daughter would likely be placed into foster care because there is no other parent to care for her and her half-sister's care "is not a long term solution for this child." Based on this finding, the Immigration Judge concluded that the respondent's daughter "would then become in operation an orphan." The Immigration Judge's finding that the child may be subject to foster care is not clearly erroneous. The respondent and the half-sister testified that the half-sister is unable to care for the child long term. The child's mother is currently in Mexico and unable to care for herself, let alone her daughter.

However, the Immigration Judge's factual findings do not support the legal conclusion that the respondent's removal would result in exceptional and extremely unusual hardship to the child. We conclude on de novo review

that the Immigration Judge legally erred in determining that the respondent could meet his burden of proof by creating hardship through choosing to abandon his daughter to foster care or no care rather than have her accompany him upon removal. *See Matter of Ige*, 20 I&N Dec. 880, 886 (BIA 1994) (holding that, "absent proof of extreme hardship to a child if he returns to his parents' native country with them, we will generally consider the decision to leave the child in the United States to be a matter of personal choice"). If a qualifying relative child would not suffer exceptional and extremely unusual hardship by accompanying the parent, "then the fact that the child might face hardship if left in the United States would be the result of parental choice, not the parent's deportation." *Id.* at 885. We reaffirm the reasoning and conclusion in *Matter of Ige*, a suspension of deportation case involving a lower hardship standard, and extend its holding as applicable to cancellation of removal cases.

We also clarify that parental care is not the only care sufficient for a qualifying relative child who is remaining in the United States. The Immigration Judge concluded that it would be "unconscionable" to remove the qualifying relative's only competent parent. The Immigration Judge decided that care for a minor qualifying relative child must necessarily be provided by a parent, reasoning that the "statute's purpose" was not "as long as there is someone to care for [the qualifying relative] it did not matter who or what the relationship is or how tentative it is." The Immigration Judge found that, even if the half-sister were able to care for the child, that is "not what the statute was intended to do."

The Immigration Judge erred in concluding that the removal of an only-parent creates the requisite hardship for cancellation of removal. Parental caretaking, as opposed to caretaking by another responsible adult party, is not a statutory or other requirement the lack of which necessarily gives rise to exceptional and extremely unusual hardship. We have never held that only care by a parent is appropriate or sufficient for minor qualifying relatives separated from one or both parents.

In *Matter of Recinas*, 23 I&N Dec. 467, 470–72 (BIA 2002), the Board granted cancellation of removal to a single mother, but it was not solely her status as a single mother which gave rise to our determination of hardship. Rather, there were numerous factors present which collectively established the requisite hardship in that case. A child may be competently cared for by an adult other than a parent, and thus the decision of a parent to leave his or her United States citizen child in the United States without parental care does not, on its own, create exceptional and extremely unusual hardship as

required for cancellation of removal under section 240A(b)(1)(D) of the INA, 8 U.S.C. § 1229b(b)(1)(D).

Finally, we observe that the respondent did not provide an affidavit confirming his intent to leave the child in the United States or proof of arrangements for her long-term care. An applicant for cancellation of removal who intends to leave a qualifying relative child in the United States is generally required to provide an affidavit and proof of the arrangements made for the care of the child. *Matter of Ige*, 20 I&N Dec. at 885; *cf. Matter of Calderon-Hernandez*, 25 I&N Dec. 885, 886–87 (BIA 2012) (clarifying that the evidence required in *Matter of Ige* need not be provided where it may be assumed that a custodial parent remaining in the United States would care for the couple's children).

For these reasons, we conclude that the Immigration Judge legally erred in determining that the respondent demonstrated his removal would result in exceptional and extremely unusual hardship to his qualifying relative daughter. *See generally Matter of Monreal*, 23 I&N Dec. at 62–64 (defining exceptional and extremely unusual hardship and describing relevant factors to consider). Accordingly, we will sustain DHS' appeal and remand the record for further fact finding on all relevant hardship factors and reassessment of the issue of hardship without reliance on the legally erroneous analysis outlined above.

**ORDER:** DHS' appeal is sustained, and the Immigration Judge's October 10, 2025, order granting relief is vacated.

**FURTHER ORDER:** The record is remanded to the Immigration Court for further proceedings consistent with the foregoing opinion and for the entry of a new decision.